UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CURRENCY $203,533.91 FROM JP MORGAN
CHASE BANK ACCOUNT NUMBER 740713490,
CURRENCY $4,952, DEVENKUMAR PATEL,
and CANALI'S MEDICAL PHARMACY, LLC,

        Defendants,

and

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CURRENCY $24,607, PERSONAL PROPERTY
JP MORGAN CHASE BANK, BUSINESS
CLASSIC CHECKING ACCOUNT NUMBER
740713490 VALUED AT $18,353.18, CURRENCY
$8,190, PERSONAL PROPERTY JP MORGAN
CHASE BANK, BUSINESS CLASSIC CHECKING
ACCOUNT NUMBER 7772787743 VALUED AT
$4,340.42, CURRENCY $1,151, CURRENCY
$3,045, PERSONAL PROPERTY EDWARD
JONES INVESTMENT, IRREVOCABLE TRUST
ACCOUNT NUMBER 477-12928-1-2 VALUED
AT $100,574.58, PERSONAL PROPERTY
EDWARD JONES INVESTMENT, MICHIGAN
UNIFORM TRANSFER TO MINOR ACT (MI/UTMA)
ACCOUNT NUMBER 477-12726-1-6 VALUED AT
$48,175.68, PERSONAL PROPERTY EDWARD
JONES INVESTMENT, IRREVOCABLE TRUST
ACCOUNT NUMBER 477-12929-1-1 VALUED AT

$97,024.01, PERSONAL PROPERTY JP MORGAN

Case Number 10-11647
Honorable David M. Lawson

**CONSOLIDATED CASES**

Case Number 11-10337
Honorable David M. Lawson

CHASE BANK, PREMIER CHECKING ACCOUNT NUMBER 646728139, VALUED AT $5,920.69, PERSONAL PROPERTY JP MORGAN CHASE BANK, BUSINESS CLASSIC CHECKING ACCOUNT NUMBER 740713474 VALUED AT $76,007.16, PERSONAL PROPERTY JP MORGAN CHASE BANK, BUSINESS CLASSIC CHECKING ACCOUNT NUMBER 653329805 VALUED AT $930.19, PERSONAL PROPERTY LOTUS BANK, BUSINESS CHECKING ACCOUNT NUMBER 072414242, VALUED AT $46,641.07, PERSONAL PROPERTY JP MORGAN CHASE BANK, BUSINESS CHECKING ACCOUNT NUMBER 740713979, VALUED AT $47,000.59, PERSONAL PROPERTY JP MORGAN CHASE PREMIER CHECKING ACCOUNT NUMBER 646728055 VALUED AT $4,127.16, PERSONAL PROPERTY OPPENHEIMERFUNDS SERVICES, QUEST OPPTY VALA A ACCOUNT NUMBER 002362364803403 VALUED AT $33,421.97, PERSONAL PROPERTY OPPENHEIMERFUNDS SERVICES, RISING DIVID FD C, ACCOUNT NUMBER 002275620031482 VALUED AT $4,271.06, PERSONAL PROPERTY OPPENHEIMERFUNDS SERVICES, RISING DIVID FD C, ACCOUNT NUMBER 002275620031504 VALUED AT $21,424.76, PERSONAL PROPERTY OPPENHEIMERFUNDS SERVICES, MONEY MARKET FD A, ACCOUNT NUMBER 002002004647483 VALUED AT $19,890.52, PERSONAL PROPERTY OPPENHEIMERFUNDS SERVICES, REAL ESTATE FUND A, ACCOUNT NUMBER 005905900597762 VALUED AT $18,823.20, PERSONAL PROPERTY OPPENHEIMERFUNDS SERVICES, CASH RESERVES FD C, ACCOUNT NUMBER 007627621017379 VALUED AT $14,314.49, PERSONAL PROPERTY AMERICAN FUNDS, CAPITAL INCOME BUILDER FD C529 ACCOUNT NUMBER 0084002713 VALUED AT $10,027.28, PERSONAL PROPERTY OPPENHEIMERFUNDS SERVICES, DEVELOPING MKTS. A, ACCOUNT NUMBER0078582000079068 VALUED AT

$7,275.88, PERSONAL PROPERTY

OPPENHEIMERFUNDS SERVICES, GOLD & SPL MIN CL C, ACCOUNT NUMBER 004124120331551 VALUED AT $7,665.86, PERSONAL PROPERTY OPPENHEIMERFUNDS SERVICES, EQUITY INCOME FD A, ACCOUNT NUMBER 008358350955196 VALUED AT $9,941.58, PERSONAL PROPERTY OPPENHEIMERFUNDS SERVICES, MODERATE INV FD A, ACCOUNT NUMBER 005455450478192 VALUED AT $10,955.38, PERSONAL PROPERTY OPPENHEIMERFUNDS SERVICES CASH RESERVES FD C, ACCOUNT NUMBER 007627621017390 VALUED AT $16,176.25, PERSONAL PROPERTY OPPENHEIMERFUNDS SERVICES, GOLD & SPL MIN A, ACCOUNT NUMBER 004104102199076 VALUED AT $18,293.84, PERSONAL PROPERTY OPPENHEIMERFUNDS SERVICES MONEY MARKET FD A, ACCOUNT NUMBER 002002002711384 VALUED AT $25,004.94, DEVENKUMAR PATEL, AMEE PATEL, THE DINOVELLI GROUP, INC., CANALI'S MEDICAL PHARMACY, LLC, SOUTHFIELD MEDICAL PHARMACY, LLC, TOTAL CARE RX, LLC, RELIANCE GROUP, INC., and TRINITY PHARMACY, LLC,

             Defendants.

_____/

### ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION TO SEAL UNSWORN DECLARATION IN SUPPORT OF MOTION FOR ENTRY OF ORDER STAYING CIVIL FORFEITURE CASE

     On February 23, 2012, the plaintiff filed an *ex parte* motion to seal an unsworn declaration under penalty of perjury in support of its motion for entry of an order staying civil forfeiture proceedings. The plaintiff claims that the declaration is part of an ongoing criminal investigation and that disclosure of the information in the declaration will adversely affect the government's investigation and jeopardize the identity of the informants.

It is well established that this Court, as every other court, "has supervisory power over its own records and files." *Nixon v. Warner Communications Inc.*, 435 U.S. 589, 598 (1978). Such authority includes fashioning protective orders that limit access to certain court documents. *See* Fed. R. Civ. P. 26(c). But the district court's power to seal records is subject to the "long-established legal tradition" of open access to court documents. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983). "[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon*, 435 U.S. at 597 (footnotes omitted); *Brown & Williamson*, 710 F.2d at 1180 (ordering Federal Trade Commission documents unsealed because "[t]he public has a strong interest in obtaining the information contained in the court record."); *see also In re Perrigo Co.*, 128 F.3d 430, 446 (6th Cir.1997) (Moore, J., concurring in part and dissenting in part) (declaring that "[s]ealing court records . . . is a drastic step, and only the most compelling reasons should ever justify non-disclosure of judicial records"). As the court of appeals explained in *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470 (6th Cir. 1983), there is a "presumptive right" of public access to court records, which permits inspection and copying.

> The recognition of this right of access goes back to the Nineteenth Century, when, in *Ex Parte Drawbraugh*, 2 App. D.C. 404 (1894), the D.C. Circuit stated: "Any attempt to maintain secrecy, as to the records of this court, would seem to be inconsistent with the common understanding of what belongs to a public court of record, to which all persons have the right of access."

*Id.* at 474 (citations omitted).

In exercising its discretion to seal judicial records, the Court must balance the public's common law right of access against the interests favoring nondisclosure. *See Nixon*, 435 U.S. at 599, 602 (stating that Court must consider "relevant facts and circumstances of the particular case");

*Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 434 (5th Cir. 1981); *see also Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986) (court has a duty to "balance the factors favoring secrecy against the common law presumption of access"); *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983) ("The historic presumption of access to judicial records must be considered in the balance of competing interests.").

"Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel*, 723 F.2d at 476. Certainly, the Court has the discretion to limit this access in extraordinary cases, such as when those seeking access intend to "gratify private spite or promote public scandal through the publication of the painful and sometimes disgusting details of a divorce case," or use court "files to serve as reservoirs of libelous statements for press consumption, or as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. "Trial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know. But . . . the decision as to when judicial records should be sealed is left to the sound discretion of the district court, subject to appellate review for abuse." *Knoxville News-Sentinel*, 723 F.2d at 474.

It was observed in *Tinman v. Blue Cross & Blue Shield of Michigan*, 176 F. Supp. 2d 743 (E.D. Mich. 2001), that in order to have confidential information in a court record kept under seal, the movant must make a specific showing that disclosure of information would result in some sort of serious competitive or financial harm. *Id.* at 745. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Sealing documents occurs generally only when authorized by

statute, or when a credible showing has been made that trade secrets might be revealed, or some other serious, tangible harm has been alleged. The Court finds that the plaintiff has made a credible showing of serious and tangible harm to a criminal investigation and a cooperating informant involved in that investigation.

Accordingly, it is **ORDERED** that the plaintiff's *ex parte* application to seal with unsworn declaration under penalty of perjury in support of motion for entry of order staying civil forfeiture [dkt. # 38] is **GRANTED**.

It is further **ORDERED** that the plaintiff may file **UNDER SEAL** the unsworn declaration under penalty of perjury in support of motion for entry of order staying civil forfeiture.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: February 29, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 29, 2012.

s/Deborah R. Tofil  
DEBORAH R. TOFIL